Dear Senator Sykes:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May the Oklahoma Department of Labor ("ODOL") provide on-site consultation, training and education services regarding compliance with the federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 — 678, without a cooperative agreement with the United States Secretary of labor? If not, does the Oklahoma Department of Labor have such a cooperative agreement?
 2. Are the enforcement provisions of the Oklahoma Asbestos Control Act, 40 O.S. 2001, §§ 450[40-450] — 457, including the inspection of building sites and the issuance of cease and desist letters, preempted by OSHA?
To answer your questions it is necessary to look at federal and state law regarding standards for the protection of employee health and safety in the work place, and, in particular, those laws regarding asbestos abatement. *Page 2 
 THE FEDERAL OCCUPATIONAL SAFETY AND HEALTH ACT("OSHA")
OSHA regulates the health and safety of employees in the private workplace.[1] OSHA, by negative implication, preempts states from asserting jurisdiction over occupational safety and health issues for which an OSHA standard is in place. 29 U.S.C. § 667(a) (West, Westlaw through Nov. 2009); Gade v. Nat'l SolidWastes Mgmt. Ass'n, 505 U.S. 88, 98-99 (1992). However, a state may avoid preemption if it develops and submits to the United States Secretary of Labor a plan to assume full regulatory authority over private workplaces pursuant to Section 18(b) of OSHA. The plan, commonly referred to as an "18(b) plan,"[2] must be as stringent as OSHA. Id. § 667(c)(2). If approved, the state assumes exclusive jurisdiction over the development and enforcement of workplace safety and health standards. Oklahoma has never submitted, and does not have, a Section 18(b) plan.[3] Indeed, Oklahoma has codified the federal preemption at 40 O.S. 2001, § 414[40-414](A).
 STATES MAY PROVIDE VOLUNTARY CONSULTATION, TRAININGAND EDUCATION SERVICES REGARDING OSHA COMPLIANCE TO PRIVATEEMPLOYERS
Title 40 O.S. 2001, § 414[40-414] authorizes the Commissioner of Labor to provide private employers with OSHA training upon request by the employer. Section 414(B) provides:
 The Commissioner shall provide competent occupational safety and health consultation, education and training for private and public employers in coordination *Page 3 
with the Oklahoma Department of Career and Technology Education and other available community resources.
Id.
OSHA does not prohibit states from offering such training and does not require states to have cooperative agreements with the United States Secretary of Labor to do so. 29 C.F.R. § 1908.1(a) (West, Westlaw through Nov. 25, 2009). Although not required, according to information provided by the Department of Labor, Oklahoma operates its training program pursuant to an agreement with the United States Secretary of Labor.[4]
As a result, the answer to your first question is yes. The Oklahoma Commissioner of Labor may provide training and consultation regarding OSHA compliance to private employers.
 FEDERAL LAW AND THE OKLAHOMA ASBESTOS CONTROL ACT
You next ask whether the Oklahoma Asbestos Control Act, 40 O.S. 2001, §§ 450[40-450] — 457, is preempted by OSHA. As discussed above, OSHA preempts state laws regarding health and safety issues for which an OSHA standard exists. However, the United States Congress has carved out an exception with regard to asbestos abatement. *Page 4 
Congress enacted the Asbestos Hazard Emergency Response Act of 1986, ("AHERA"), 15 U.S.C. §§ 2641 — 2654, to address the danger of asbestos exposure in public schools.[5] The Act provides for the inspection and abatement of asbestos in school buildings as well as accreditation of persons who perform asbestos abatement in schools. Id. § 2646(a)(3). Congress subsequently enacted the Asbestos School Hazard Abatement Reauthorization Act of 1990 ("ASHARA"), [6] which extends the provisions of the original AHERA to cover public and commercial buildings. Unlike OSHA, AHERA/ASHERA does not preempt state law. 15 U.S.C. § 2649(a) (West, Westlaw current through Nov. 11, 2009).
Pursuant to AHERA/ASHARA, states have a duty to accredit those who engage in asbestos abatement activities in schools and public and commercial buildings. See 15 U.S.C. § 2646
(West, Westlaw current through Nov. 11, 2009). No person may perform abatement without being accredited.Id. § 2646(a). The federal Environmental Protection Agency ("EPA"), pursuant to its mandate at 15 U.S.C. § 2646(b)(1)(A), has developed a state model contractor accreditation plan ("MAP") for abatement contractors. See 40 C.F.R. pt. 763, subpt. E, app. C (2006). The state program must be as stringent as the model program. 15 U.S.C. § 2646(b)(2). Accredited contractors must pass an examination and participate in continuing education.Id. § 2646(b)(1)(B).
The Oklahoma Department of Labor accredits abatement contractors pursuant to the Oklahoma Asbestos Control Act ("Act") (40 O.S. 2001, §§ 450[40-450] — 457). The Act governs the abatement of friable asbestos material in all facilities in the state except private residences and apartment houses of less than six family units. Id. § 451(5). The Act gives the Commissioner of Labor broad powers including, among others, the development of abatement standards "consistent with general industry standards" (id. § 453(A)(1)); instruction and examination of contractors, employees and supervisors on safe asbestos abatement (id. § 453(A)(2)); inspection of all abatement projects with authority to "issue, modify and revoke orders" and "issue cease and desist orders" (id. § 453(A)(4)); inspection of "public buildings for the presence of friable asbestos materials" (id. § 453(A)(5)); institution of legal proceedings for the enforcement of the Commissioner's orders, rules or penalties levied (id. § 453(A)(12)); investigation of violations of the Act (id. § 453(A)(13)); and the exercise of all incidental powers necessary to implement the Act (id. § 453(A)(14)).
Pursuant to the Act, the Commissioner licenses contractors who perform asbestos abatement. Id. *Page 5 
§§ 452, 453(A)(2). No contractor may engage in abatement without being licensed. Id. § 452(A). The Commissioner or his/her authorized representative has "the power and authority to enter at reasonable times upon any property for the purpose of inspecting and investigating contractors relating to the abatement of any friable material containing asbestos." Id. § 455. "[T]he Commissioner may suspend, revoke or refuse to issue the license" to a contractor who has violated the Act or related administrative rules.Id. § 454. Violations of the Act also carry potential criminal penalties. Id. § 456.
The Commissioner of Labor has promulgated rules for the abatement of friable asbestos materials at Title 380 of the Oklahoma Administrative Code. See OAC 380: 50-1-2 — 380:50-29-1. The rules cover all aspects of asbestos abatement including licensure of contractors and project designs.
You have asked in particular whether the Commissioner may inspect abatement sites and issue cease and desist orders. Title 40 O.S. 2001 § 453[40-453](A)(4) gives the Commissioner the explicit power and duty to "[i]nspect all asbestos abatement projects, to issue, modify and revoke orders; to issue cease and desist orders; and to require mandamus and seek injunctive relief for enforcement of orders[.]" Id.; see also id § 455. As a result, the Commissioner has authority to inspect abatement sites and issue cease and desist orders to ensure compliance with the Act.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 — 678, does not prohibit states from providing voluntary on-site consultation, training and education services to private employers regarding compliance with federal and state occupational health and safety laws. Title 40 O.S. 2001, § 414[40-414] authorizes the Oklahoma Commissioner of Labor to provide such services. The Commissioner may provide the services with or without a cooperative agreement with the United States Secretary of Labor. See 29 C.F.R. § 1908.1(a) (West, Westlaw through Nov. 25, 2009).
 2. OSHA preempts state law regarding occupational, health or safety issues for which an OSHA standard is in effect. 29 U.S.C. § 667(a) (West, Westlaw through Nov. 2009). However, asbestos abatement is governed by the Asbestos Hazard Emergency Response Act of 1986 ("AHERA"), and the Asbestos School Hazard Abatement Reauthorization Act of 1990 ("ASHARA"), 15 U.S.C. §§ 2641 — 2656. The Oklahoma Asbestos Control Act, 40 O.S. 2001, §§ 450[40-450] — 457, complies with AHERA/ASHARA. As a result, OSHA does not preempt the Oklahoma Asbestos Control Act.
 3. The Oklahoma Commissioner of Labor has authority to enforce the Oklahoma Asbestos Control Act, 40 O.S. 2001, §§ 450[40-450] — 457, including *Page 6 the authority to inspect abatement sites and issue cease and desist orders. Id. §§ 453(A)(4); 455.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT MOAK ASSISTANT ATTORNEY GENERAL
[1] OSHA only covers the private workplace. States retain jurisdiction over the workplace of public employees. The Oklahoma Occupational Health and Safety Standards Act of 1970 (40 O.S.Supp. 2009, §§ 401[40-401] — 435) governs public workplaces and is implemented and enforced by ODOL.
[2] See Occupational Safety Health Act of 1970, Pub.L. No. 91-596, § 18(b),84 Stat. 1608 (codified at 29 U.S.C. § 667(b)).
[3] Letter from Lloyd L. Fields, Comm'r of Labor, Okla. Dep't of Labor, to Grant Moak, Assistant Attorney General, Okla. Attorney General's Office, p. 2 (Aug. 6, 2009) (on file with author); seealso State Occupational Safety and Health Plans, http://www.osha.gov/dcsp/osp/states.html (last visited Dec. 7, 2009).
[4] See n. 3.
[5] See
Pub.L. No. 99-519, §§ 1 — 2, 100 Stat. 2970; Sections 2655 2656 of Title 15 were enacted later. See
Pub.L. No. 100-368, § 4, 102 Stat. 829 (codified at 15 U.S.C. § 2655); Pub.L. No. 101-637, § 16(a)(1),104 Stat. 4589 (codified at 15 U.S.C. § 2656).
[6] See
Pub.L. No. 101-637, §§ 1 — 12, 104 Stat. 4589 (codified as amended at 20 U.S.C. §§ 4011 — 4022). *Page 1